# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TAYLOR BROWN,<br><br>           Plaintiff,<br><br>v.<br><br>TOWN OF NORMAL AND NORMAL POLICE OFFICERS SERENA CUNNINGHAM, KYLE MCCOMBER, NICHOLAS KOSENESKY, LANDON RICHMOND, MAX YANOR, and TYLER VANWYNSBERG,<br><br>           Defendants. | Case No. 23-cv-01078<br><br>Judge James E. Shadid<br><br>Magistrate Judge Jonathan E. Hawley<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT

NOW COME the Defendants, TOWN OF NORMAL, SERENA CUNNINGHAM, KYLE MCCOMBER, NICHOLAS KOSENESKY, LANDON RICHMOND, MAX YANOR and TYLER VANWYNSBERG, by and through their attorney, Matthew A. Hurd of ANCEL GLINK, P.C., and for their Answer to Plaintiff's First Amended Civil Complaint, hereby state as follows:

### INTRODUCTION

1. This action, arising out of the February 9, 2023 seizure of Taylor Brown and is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Ms. Brown's rights under the Constitution of the United States.

**ANSWER: Defendants admit that Plaintiff brings this action pursuant to 42 U.S.C. §1983, but deny violation of the same.**

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside

in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**ANSWER: Defendants admit the allegations within this paragraph.**

## THE PARTIES

3. The Plaintiff, Taylor Brown, resides in the state of Illinois.

**ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations within this paragraph.**

4. Defendant Normal Police Officers Serena Cunningham, Kyle McComber, Nicholas Kosenesky, Landon Richmond, Max Yanor, and Tyler VanWynsberg were at all relevant times duly appointed police officers of the Town of Normal acting within the scope of their employment and under color of law. They are being sued in their individual capacities.

**ANSWER: Defendants admit the allegations within this paragraph.**

## FACTS

5. On or about February 8, 2023, Plaintiff Taylor Brown was a resident of Normal and attending college in the area.

**ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations within this paragraph.**

6. Late that evening, a fire erupted in her apartment.

**ANSWER: Defendants deny the allegations within this paragraph.**

7. Ms. Brown's roommate called 9-1-1 to report the fire immediately.

**ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations within this paragraph.**

8. Upon arrival, the police officers who responded to the call with the fire officials asked Ms. Brown to wait in a squad car that was parked in front of her residence until the officers were ready to speak to her.

**ANSWER: Defendants deny the allegations within this paragraph.**

9. Ms. Brown followed that direction.

**ANSWER: Defendants deny the allegations within this paragraph.**

10. Shortly thereafter, Defendant Cunningham asked Ms. Brown if she would be willing to go to the Normal Police Station to answer questions about the fire.

**ANSWER: Defendant Cunningham admits the allegations within this paragraph. The remaining Defendants lack sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore neither admit nor deny the allegations contained within this paragraph.**

11. After being assured that she would not be questioned for a long period of time considering how late it was, Ms. Brown agreed to be questioned and was transported to the station by Defendant Cunningham.

**ANSWER: Defendant Cunningham admits saying it would be "not very long" but denies the allegations within this paragraph. The remaining Defendants lack sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore neither admit nor deny the allegations contained within this paragraph.**

12. There was no probable cause to arrest Ms. Brown for any crimes at any time before she was transported to the Normal Police Station or at any time during transport.

**ANSWER: Defendants deny the allegations within this paragraph.**

13. Ms. Brown arrived at the station with Defendant Cunningham in the early morning hours of February 9, 2023.

**ANSWER: Defendants admit the allegations within this paragraph.**

14. Ms. Brown was left in a room for approximately 40 minutes after she arrived at the station and was not questioned by any Normal Police Officers during that time.

**ANSWER: Defendants deny the allegations within this paragraph.**

15. Tired, Ms. Brown exited the room and told Defendant Cunningham that she wanted to be taken back to her vehicle at that time.

**ANSWER: Defendants lack sufficient knowledge to admit or deny the allegations that Plaintiff was tired. Defendant Cunningham denies the remaining allegations. The remaining Defendants lack sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore neither admit nor deny the allegations contained within this paragraph.**

16. Defendant Cunningham told Ms. Brown that she would take her back shortly and instructed Ms. Brown to wait for her in the lobby.

**ANSWER: Defendant Cunningham admits the allegation within this paragraph. The remaining Defendants lack sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore neither admit nor deny the allegations contained within this paragraph.**

17. Ms. Brown went to the lobby and waited as directed.

**ANSWER: Defendant Cunningham admits Plaintiff waited in the lobby and denies it was as directed. The remaining Defendants lack sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore neither admit nor deny the allegations contained within this paragraph.**

18. Shortly thereafter, at the direction of Defendant Vanwynsberg, Defendant Cunningham approached Ms. Brown and requested her cell phone.

**ANSWER: Defendants Cunningham and Vanwynsberg admit the allegations within this paragraph. The remaining Defendants lack sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore neither admit nor deny the allegations contained within this paragraph.**

19. When Ms. Brown asked Defendant Cunningham why she was requesting Ms. Brown's cell phone, Cunningham told Ms. Brown that it was being seized as evidence related to the housefire.

**ANSWER: Defendant Cunningham denies that she said it was related to the housefire, but admits the remaining allegations within this paragraph. The remaining Defendants lack sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore neither admit nor deny the allegations contained within this paragraph.**

20. There was no probable cause to seize Ms. Brown's cell phone at that time.

**ANSWER: Defendants deny the allegations within this paragraph.**

21. There was no warrant permitting officers to seize Ms. Brown's cell phone at that time.

**ANSWER: Defendants admit the allegations within this paragraph.**

22. There was no warrant permitting officers to search Ms. Brown's cell phone at that time.

**ANSWER: Defendants admit the allegations within this paragraph.**

23. Ms. Brown was not under arrest at that time.

**ANSWER: Defendants admit the allegations within this paragraph.**

24. There were no exigent circumstances that legally justified the seizure of Ms. Brown's cell phone at that time.

**ANSWER: Defendants deny the allegations within this paragraph.**

25. Ms. Brown was not required under the law to relinquish her cell phone to any police officer at that time.

**ANSWER: Defendants deny the allegations within this paragraph.**

26. Ms. Brown then FaceTimed her mother, a Chicago Police Officer.

**ANSWER: Defendants lack sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore neither admit nor deny the allegations contained within this paragraph.**

27. During the FaceTime call, Ms. Brown told her mother that she went to the station voluntarily and that the officer told Ms. Brown she would take her home but was not doing so.

**ANSWER: The Defendants lack sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore neither admit nor deny the allegations contained within this paragraph.**

28. Defendants Cunningham, McComber, Kosenesky, and Richmond began to surround Ms. Brown as she was on FaceTime with her mother.

**ANSWER: Defendants admit that Defendants Cunningham, McComber, Kosenesky, and Richmond appeared in the lobby but deny the remaining allegations within this paragraph.**

29. Ms. Brown also informed her mother that the officers were surrounding her and that she was scared.

**ANSWER: Defendants deny the allegations within this paragraph.**

30. Defendants Cunningham and Kosenesky, approached Ms. Brown and attempted to physically extract the phone from her hands by grabbing her wrists.

**ANSWER: Defendant Cunningham denies grabbing Ms. Brown's wrist. Defendant Kosenesky admits approaching Ms. Brown and attempting to physically extract the phone from her hands, but denies grabbing her wrist until Ms. Brown made contact with the ground. The remaining Defendants neither admit nor deny the allegations contained within this paragraph as they lack sufficient knowledge to form a belief as to the truth or falsity of these allegations.**

31. Ms. Brown dropped to her knees while Defendants Cunningham and Kosenesky continued to try to pull the phone out of Ms. Brown's hand.

**ANSWER: Defendants Cunningham and Kosenesky admit the allegations within this paragraph. The remaining Defendants neither admit nor deny the allegations contained within this paragraph as they lack sufficient knowledge to form a belief as to the truth or falsity of these allegations.**

32. Once on the ground, Defendant McComber kneeled on Ms. Brown's back and forcefully pressed his thumb into Ms. Brown's neck while he simultaneously held pushed her head to the ground.

**ANSWER: Defendant McComber denies the allegations within this paragraph. The remaining Defendants lack sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore neither admit nor deny the allegations contained within this paragraph.**

33. At the same time, Defendant Cunningham kneeled on Ms. Brown's back while she continued to forcefully pull Ms. Brown's arms out from underneath her in an effort to seize the cell phone that was still in Ms. Brown's hand.

**ANSWER: Defendant Cunningham denies she kneeled on Ms. Brown's back. Defendant Cunningham admits that she continued to forcefully pull Ms. Brown's arms out from underneath her in an effort to seize the cell phone that was still in Ms. Brown's hand. The remaining Defendants lack sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore neither admit nor deny the allegations contained within this paragraph.**

34. Defendant Richmond held Ms. Brown's legs down.

**ANSWER: Defendant Richmond admits that he held Ms. Brown's legs while she moved them.**

35. Soon into the altercation, Defendant Yanor approached Ms. Brown, held Ms. Brown's legs and then pulled Ms. Brown's arms.

**ANSWER: Defendant Yanor admits trying to hold Ms. Brown's legs but denies the remaining allegations within this paragraph.**

36. At the moment that the first defendant officer made physical contact with Ms. Brown's person during this encounter, there was no probable cause to arrest Ms. Brown for any crimes.

**ANSWER: Defendants deny the allegations within this paragraph.**

37. At no time prior to when Ms. Brown was handcuffed did any officers inform her that she was under arrest.

**ANSWER: Defendants deny the allegations within this paragraph.**

38. In fact, during the physical struggle between Ms. Brown and the Defendant Officers for Ms. Brown's phone, she was told by the involved officers, "we just want the phone."

**ANSWER: Defendants admit the allegations until Ms. Brown kicked Officer McComber and Officer Cunningham.**

39. Ms. Brown was never informed by any police officer that failure to relinquish her cellphone to the officers was an arrestable offense at any time prior to when she was placed in handcuffs.

**ANSWER: Defendants admit the allegations within this paragraph.**

40. Ms. Brown was not required by law to relinquish her cell phone to the Defendants upon their request.

**ANSWER: Defendants deny the allegations within this paragraph.**

41. At the time of the incident, no Defendant had information from any source that there was information on Ms. Brown's cell phone that related to the housefire.

**ANSWER: Defendants deny the allegations within this paragraph.**

42. At the time of the incident, no Defendant had information from any source that there was information on Ms. Brown's cell phone that related to the housefire that was not available to the officers from the cellphones of Ms. Brown's former roommates.

**ANSWER: Defendants deny the allegations within this paragraph.**

43. At the moment that the first officer made physical contact with Ms. Brown's person during this encounter, there was no reasonable suspicion based on articulable facts to seize Ms. Brown for any reason.

**ANSWER: Defendants deny the allegations within this paragraph.**

44. At the moment that the first officer made physical contact with Ms. Brown's person during this encounter, there was no probable cause to seize Ms. Brown for any reason.

**ANSWER: Defendants deny the allegations within this paragraph.**

45. During this encounter, the phone fell from Ms. Brown's hand causing the FaceTime call to disconnect.

**ANSWER: The Defendants lack sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore neither admit nor deny the allegations contained within this paragraph.**

46. Ms. Brown was ultimately handcuffed and arrested.

**ANSWER: Defendants admit the allegations within this paragraph.**

47. There was no probable cause to arrest Ms. Brown for any crimes at the time she was arrested.

**ANSWER: Defendants deny the allegations within this paragraph.**

48. Ms. Brown did not resist arrest at any time as she was not being arrested at the time that the Defendants made physical contact with her.

**ANSWER: Defendants deny the allegations within this paragraph.**

49. Ms. Brown was not charged with battering a police officer.

**ANSWER: Defendants deny the allegations within this paragraph.**

50. Ms. Brown was not charged with assaulting any police officer.

**ANSWER: Defendants admit the allegations within this paragraph.**

51. Ms. Brown was not charged with resisting arrest.

**ANSWER: Defendants deny the allegations within this paragraph.**

52. Ms. Brown was not charged with any crimes whatsoever because of her arrest or the preceding house fire.

**ANSWER: Defendants deny the allegations within this paragraph.**

53. Defendant(s) have no probable cause to arrest Ms. Brown for any crimes related to the housefire.

**ANSWER: Defendants deny the allegations within this paragraph.**

54. Defendants seized Ms. Brown's phone following her arrest.

**ANSWER: Defendants admit the allegations within this paragraph.**

55. Defendant(s) attempted to obtain a search warrant to search Ms. Brown's cell phone, but the warrant was not approved by the State's Attorney.

**ANSWER: Defendant Vanwynsberg contacted the Assistant State's Attorney but the process never went any further, and denies the allegations as written. The remaining Defendants neither admit nor deny the allegations contained within this paragraph as they lack sufficient knowledge to form a belief as to the truth or falsity of these allegations.**

56. Defendants did not have probable cause to search Ms. Brown's phone or to seize the phone at any time.

**ANSWER: Defendants deny the allegations within this paragraph.**

57. Despite that, Ms. Brown was not given her cell phone back from the officers until 3:30PM on February 9, 2023- approximately two hours after she was released from the custody of the McLean County Jail.

**ANSWER: The Defendants lack sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore neither admit nor deny the allegations contained within this paragraph.**

58. Ms. Brown was transported to the McLean County Jail from the Normal Police Station following her arrest.

**ANSWER: Defendants admit the allegations within this paragraph.**

59. While at the jail, Ms. Brown was subjected to an intrusive search where she was required to remove her clothing while a jail employee inspected her genitals for contraband.

**ANSWER: The Defendants lack sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore neither admit nor deny the allegations contained within this paragraph.**

60. Ms. Brown was released from the jail at approximately 1:00PM on February 9, 2023.

**ANSWER: The Defendants lack sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore neither admit nor deny the allegations contained within this paragraph.**

61. Ms. Brown was released from the county jail without bond and no charges brought against her for any crimes.

**ANSWER: The Defendants lack sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore neither admit nor deny the allegations contained within this paragraph.**

62. As a result of the foregoing, Ms. Brown suffered physical pain, including bruising, sore muscles and lacerations to her wrists, and emotional trauma including but not limited to humiliation and severe emotional distress.

**ANSWER: Defendants deny the allegations within this paragraph.**

## COUNT I: 1983 FOURTH AMENDMENT –FALSE ARREST
(Against All Defendant Officers)

63. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants re-allege their answers to the same.**

64. At all times relevant herein, Taylor Brown was vested with, possessed, and was guaranteed by the Fourth Amendment of the United States Constitution the right to be free from an unlawful search and seizure.

**ANSWER: Defendants admit to Plaintiff's rights but deny violation of the same.**

65. Defendant Officers, acting under the color of law, caused Ms. Brown to be seized at the Normal Police Station.

**ANSWER: Defendants admit the allegations within this paragraph.**

66. Defendant Officers did not have probable cause to believe that Ms. Brown had committed a crime either at the time that she was initially placed under arrest or any time thereafter.

**ANSWER: Defendants deny the allegations within this paragraph.**

67. Defendant Officers did not have reasonable suspicion to believe that Ms. Brown had or was about to commit a crime when they seized Ms. Brown.

**ANSWER: Defendants deny the allegations within this paragraph.**

68. Defendant Officers had no lawful justification for seizing Ms. Brown.

**ANSWER: Defendants deny the allegations within this paragraph.**

69. Such actions constitute deliberate indifference to Ms. Brown's rights under the United States Constitution in violation of the Fourth Amendment.

**ANSWER: Defendants deny the allegations within this paragraph.**

70. Defendant Officers' conduct in unlawfully seizing Ms. Brown was undertaken with malice, willfulness, and reckless indifference to Ms. Brown's rights.

**ANSWER: Defendants deny the allegations within this paragraph.**

71. As a direct and proximate result of the wrongful actions of Defendant Officers, Ms. Brown suffered loss of liberty and severe emotional distress.

**ANSWER: Defendants deny the allegations within this paragraph.**

### COUNT II: 1983 FOURTH AMENDMENT - EXCESSIVE FORCE
(Against All Individual Defendant Officers)

72. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants re-allege their answers to the same.**

73. At all times relevant herein the Plaintiff, Taylor Brown, was vested with, possessed and was guaranteed by the Fourth Amendment to the United States Constitution the right to be free from unreasonable, unjustifiable and excessive force.

**ANSWER: Defendants admit to Plaintiff's rights but deny violation of the same.**

74. Defendant Officers deprived Ms. Brown of this Fourth Amendment right by pulling her to the ground by her wrists/arms, applying painful pressure to the back of her ear, forcing a knee in her back while holding her down to the ground, and applying double handcuffs to her wrist so tightly that her wrists were lacerated and bled.

**ANSWER: Defendants deny the allegations within this paragraph.**

75. The actions of Defendant Officers were willful, intentional and malicious and/or done with reckless indifference to and callous disregard for Plaintiff's rights.

**ANSWER: Defendants deny the allegations within this paragraph.**

76. As a result of the Defendant Officers' conduct, Ms. Brown suffered physical and emotional injuries.

**ANSWER: Defendants deny the allegations within this paragraph.**

**COUNT III: 1983- FAILURE TO INTERVENE**
(Against All Individual Defendant Officers)

77. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants re-allege their answers to the same.**

78. All Defendants had a reasonable opportunity to prevent one another's excessive force against Ms. Brown and unlawful seizure of Ms. Brown but failed to do so.

**ANSWER: Defendants deny the allegations within this paragraph.**

79. As a result of the Defendant Officers' failure to intervene, Ms. Brown suffered physical and emotional injuries as well as loss of liberty.

**ANSWER: Defendants deny the allegations within this paragraph.**

80. Defendant Officers' misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Ms. Brown's rights.

**ANSWER: Defendants deny the allegations within this paragraph.**

**COUNT IV: BATTERY (state law claim)**
(Against All Individual Defendant Officers)

81. Plaintiff incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendants re-allege their answers to the same.**

82. As set forth above, the individual Defendant Officers intentionally made physical contact with Ms. Brown without just cause. The physical contact was offensive and harmful.

**ANSWER: Defendants deny the allegations within this paragraph.**

83. The actions of the Defendant Officers were intentional, willful, and wanton.

**ANSWER: Defendants deny the allegations within this paragraph.**

84. The misconduct set forth herein was undertaken with intentional disregard for Ms. Brown's rights.

**ANSWER: Defendants deny the allegations within this paragraph.**

85. As a direct and proximate result of Defendant Officers' misconduct, Ms. Brown sustained damages including physical and emotional pain and suffering.

**ANSWER: The Defendants deny the allegations within this paragraph.**

<u>COUNT V—INDEMNIFICATION</u>

(Against Defendant Town of Normal)

86. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendant re-alleges its answers to the same.**

1. At all relevant times, Defendant Town of Normal was the employer of the individual Defendants.

**ANSWER: Defendant admits the allegation within this paragraph.**

2. The individual Defendants committed the acts alleged above under the color of law and in the scope of their employment as employees of the Town of Normal.

**ANSWER: Defendant admits the allegation within this paragraph.**

3. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER: Defendant admits that the Town of Normal has certain duties to be determined by the Court as a matter of law and denies the remaining allegations within this paragraph.**

4. As a proximate cause of the unlawful acts of the individual Defendants, which occurred within the scope of their employment, Plaintiff was injured.

**ANSWER: The Defendant denies the allegations within this paragraph.**

<u>COUNT VI—*RESPONDEAT SUPERIOR*</u>
(Against Defendant Town of Normal)

5. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

**ANSWER: Defendant re-alleges its answers to the same.**

6. In committing the acts alleged in the preceding paragraphs, the individual Defendants were agents of the Town of Normal and were acting at all relevant times within the scope of their employment and under color of law.

**ANSWER: Defendant admits the allegations within this paragraph.**

7. Defendant Town of Normal is liable as principal for all torts committed by its agents.

**ANSWER: Defendant denies the allegations within this paragraph.**

**AFFIRMATIVE DEFENSES**

Defendants, Town of Normal ("Normal" or "Town"), Serena Cunningham, Kyle McComber, Nicholas Kosenesky, Landon Richmond, Max Yanor, and Tyler Vanwynsberg, by and through their attorney, Matthew A. Hurd and the law firm of Ancel Glink, P.C., and for their Affirmative Defenses to Plaintiff's Amended Complaint, state as follows:

1. The individual Defendants are entitled to qualified immunity, in that their actions did not violate any of the Plaintiff's clearly established constitutional rights.

2. The individual Defendants are immune from liability pursuant to 745 ILCS 10/2-202, in that at all relevant times they were engaged in the execution or enforcement of the law.

3. The Town of Normal is immune from liability pursuant to §2-109 of the Illinois Tort Immunity Act in that a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff and for such other and further relief the Court deems just and equitable.

Dated: July 31, 2023

Respectfully submitted,

/s/ *Matthew A. Hurd*
Matthew A. Hurd (ARDC #6191532)
**ANCEL GLINK, P.C.**
140 South Dearborn, Suite 600
Chicago, Illinois 60603
Telephone: (312) 782-7606
Facsimile: (312) 782-0943
E-Mail: mhurd@ancelglink.com

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2023, I electronically filed the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CIVIL COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

>Abby D. Bakos, Esq.
>**Bakos & Maisuria Law Group, LLC**
>1755 Park Street, Suite 200-1070
>Naperville, Illinois 60563
>abby@bakosmaisuria.com

>/s/ *Matthew A. Hurd*
>Matthew A. Hurd (ARDC #6191532)
>**ANCEL GLINK, P.C.**
>140 South Dearborn, Suite 600
>Chicago, Illinois 60603
>Telephone: (312) 782-7606
>Facsimile: (312) 782-0943
>E-Mail: mhurd@ancelglink.com
>
>*Attorney for Defendants*